IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DEANNE R. BODINE,** | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 4:17-cv-3894 |
| | § | |
| **VERIZON WIRELESS PERSONAL** | § | JURY DEMANDED |
| **COMMUNICATIONS LP,** | § | |
| *Defendant*. | § | |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

NOW COMES Plaintiff Deanne R. Bodine (hereinafter referred to as "Plaintiff") in the above-referenced matter, complaining of and about Defendant Verizon Wireless Personal Communications LP (hereinafter referred to as "Verizon" or "Defendant"), and for causes of action files this Original Complaint, showing to the Court the following:

### I.   PARTIES

1.   Plaintiff, Deanne R. Bodine is an individual residing in Sugar Land, Fort Bend County, Texas.  Plaintiff is a citizen of the United States and the State of Texas.

2.   Defendant, Verizon is a foreign limited partnership authorized to conduct business in the State of Texas.  Defendant, Verizon may be served with process by serving its registered agent, C T Corporation System at 1999 Bryan St., Ste. 900 Dallas, TX 75201-3136.

## II.       JURISDICTION

3.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under federal statutes: Title VII of the Civil Rights Act of 1964, (as amended) (which is codified in 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a)) (hereinafter referred to as "Title VII") on the grounds that Plaintiff was discriminated against because of her race (White) and sex (female).  This is also an action brought by Plaintiff against Defendant under the Age Discrimination in Employment Act of 1967, 29 U.S.C § 621 et seq. (which is codified in 29 U.S.C. § 621 et seq.) (hereinafter referred to as the "ADEA") on the ground that Defendant was discriminated against because of her age.

4.     Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's similar state claims that arise under the Texas Commission on Human Rights Act, which is codified in Chapter 21 of the Texas Labor Code, Texas Labor Code § 21.001 et seq. (hereinafter referred to as the "TCHRA"), because such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

5.     Venue is proper in the Southern District of Texas - Houston Division pursuant to 28 U.S.C. § 1391(a) because this is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## III.      NATURE OF THE ACTION

6.     This is an action brought pursuant to Title VII and the TCHRA on the grounds that Plaintiff was discriminated against and retaliated against because of Plaintiff's race (White) and sex (female).  The action is to correct and recover for Defendant's unlawful employment practices on the basis of Plaintiff's race and sex including the discrimination and retaliation

based on Plaintiff's protected activities involving her race and complaints of racial discrimination.

7. Further, this is an action under the ADEA and the TCHRA to correct and recover for unlawful employment practices on the basis of Plaintiff's age, sixty (60) years old[1], which includes Plaintiff being discriminated against and retaliated against because of her age. *See* 29 U.S.C § 621 et seq.; and Texas Labor Code § 21.001 et seq.

## IV.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. On January 26, 2017, Plaintiff filed a dual Charge of Discrimination (Charge No. 460-2017-00753) with the U.S. Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") and the Texas Workforce Commission Civil Rights Division (hereinafter referred to as the "TWC") against Defendant for race, sex and age discrimination. (*See* Exhibit 1, which is attached hereto and incorporated by reference).

9. Subsequently, the EEOC issued Plaintiff a Notice of Right to Sue, dated September 26, 2017. (*See* Exhibit 2, which is attached hereto and incorporated by reference). Plaintiff files this lawsuit within ninety (90) days of receiving the Right to Sue notice. Therefore, this lawsuit is timely filed.

## V.   FACTS

10. Plaintiff is a sixty (60) year old White woman. Plaintiff began her employment with Verizon on November 1, 2010, at the Reliant retail location in Houston, Texas as a Retail Sales Representative. On or around June 6, 2014 the job title was universally changed at Verizon from Retail Sales Representative to Solutions Specialist—although the duties for the position remained the same.

---

[1] Notably, Plaintiff was fifty-eight (58) years old at the time of her unlawful termination from Verizon.

11. In July 2015, Plaintiff was involuntarily transferred to the retail Verizon store in Pearland, Texas to work as a Solutions Specialist. That is when Plaintiff's troubles began at Verizon.

12. At the Pearland location, Plaintiff's immediate supervisor was Pollyn Leng (Cambodian), General Store Manager. She was also under the supervision of the Management Team comprised by Rex Ramirez (Hispanic male), James Tiller (African American male), and Scott McCombs (White male).

13. During Plaintiff's employment at Verizon she had a solid sales record, received outstanding customer surveys, and exemplary performance reviews.

14. During Plaintiff's tenure at Verizon, management never trained or guided Plaintiff on how to provide disclosure to customers. However, Plaintiff consistently provided full disclosure to customers on the products and services at Verizon.

15. In Plaintiff's 2016 mid-year review, prior to termination, Defendant did not address any areas of concern. Moreover, Ms. Leng documented that Plaintiff had improved the disclosure/integrity element.

16. Notably, Plaintiff was the oldest employee working at the Pearland location.

17. Plaintiff was also the only White female working at the Pearland location and the only over 40 years old White female Solutions Specialist in the District.

18. During Plaintiff's tenure at the Pearland location, Ms. Leng made comments stating that "male employees do a better job than female employees" and that she was "trying to get younger minority employees into the store" and "only Spanish speakers" although the ability to speak Spanish was never part of the job description for a Solutions Specialist.

19. Without incident or notice, on November 21, 2016, Ms. Leng discharged Plaintiff. Plaintiff did not receive a write up or termination document; instead, Ms. Leng provided Plaintiff a yellow sticky note with a Verizon's website written down.

20. Following her termination, Plaintiff contacted Lora Martinez, Human Resources, to inquire about her discharge.  Plaintiff was not provided with a reason for termination and refused to give Plaintiff any documentations regarding termination.

21. Neither Ms. Leng nor Ms. Martinez ever provided Plaintiff her personnel file or any evidence of alleged performance issues and/or violations to Verizon's policies and procedures that would warrant termination.

22. Ms. Leng and Ms. Martinez also told Plaintiff that she did not qualify to receive a severance package.

23. Other male employees over the age of 40, recently discharged, were given severance packages.

24. During Plaintiff's tenure at the Pearland location, many non-White male employees, under 40 years old, did not follow Verizon's policies and/or procedures but were never disciplined or discharged.

25. Plaintiff was replaced by a younger Black male.

26. During her tenure at Verizon, Plaintiff was treated differently than her colleagues by the Management Team, as well as Ms. Leng because of her sex, race and age.

27. Notably, in 2016, Plaintiff complained to Ms. Martinez on two (2) separate occasions of being treated differently by Ms. Leng and her Management Team because of her sex, race and age.  Ms. Martinez advised Plaintiff that she would speak to Ms. Leng and the Management Team to remind them to treat all employees at the Pearland location equally.

28. Plaintiff was discriminated against because of her race (White) and sex (female) in violation of Title VII and the TCHRA. Plaintiff was also discriminated because of her age in violation of ADEA and the TCHRA.

## VI. COUNT 1 - TITLE VII RACE DISCRIMINATION AND HOSTILE WORK ENVIRONMENT

29. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

30. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her race (i.e., White), including discrimination, hostile work environment and retaliation.

31. Defendant discriminated against Plaintiff and created a hostile work environment in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect her status because of Plaintiff's race (White), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

## VII. COUNT 2 - TCHRA RACE DISCRIMINATION AND HOSTILE WORK ENVIRONMENT

32. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

33. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her race (White).

34. Defendant discriminated against Plaintiff and created a hostile work environment in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive

Plaintiff of any employment opportunity or adversely affect Plaintiff's status because of Plaintiff's race (White), in violation of Texas Labor Code § 21.051 et seq.

## VIII.   COUNT 3- TITLE VII GENDER DISCRIMINATION

35. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

36. Defendant, intentionally engaged in unlawful employment practices involving Plaintiff because of her sex (i.e., female), including discrimination and retaliation.

37. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of Plaintiff's employment in violation of federal discrimination laws; or, limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect Plaintiff's status as an employee because of Plaintiff's gender, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

## IX.   COUNT 4- TCHRA GENDER DISCRIMINATION

38. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

39. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her gender (i.e., female).

40. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affected Plaintiff's status because of Plaintiff's gender (i.e., female), in violation of the Texas Labor Code § 21.051 et seq.

## X.     COUNT 5- TITLE VII RETALIATION

41. Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

42. Defendant intentionally retaliated against Plaintiff because of the complaints of race and gender discrimination made by Defendant prior to Plaintiff's unwarranted termination.

## XI.     COUNT 6- TCHRA RETALIATION

43. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

44. Defendant intentionally retaliated against Plaintiff because of the complaints of discrimination made to Defendant in violation of the Texas Labor Code § 21.055.

## XII.     COUNT 7- ADEA AGE DISCRIMINATION

45. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

46. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her age, fifty-eight (58) years old.

47. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's age, fifty-eight (58) years old, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

## XIII.     COUNT 8 - TCHRA AGE DISCRIMINATION

48. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

49. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her age, fifty- eight (58) years old.

50. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect Plaintiff's status because of Plaintiff's age, fifty-eight (58) years old, in violation of the Texas Labor Code § 21.051 et seq.

### XIV.   COUNT 9- ADEA RETALIATION

51. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

52. Defendant intentionally retaliated against Plaintiff because of the complaints made to Defendant of age discrimination in violation of the ADEA.

### XV.   JURY DEMAND

53. Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff submits the jury demand and herein submits the jury fee.

### XVI.   PRAYER

54. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

    a. All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or any amendments thereto, including but not limited to back pay, future wages, reinstatement, upgrading, and compensation for benefits not received;

  b. Compensatory damages, including, but not limited to, emotional distress;

  c. Past, present, and future physical pain and mental suffering;

  d. Punitive damages;

  e. Reasonable attorneys' fees, as allowed by law (with conditional awards in the event of appeal);

  f. Pre-judgment interest at the highest rate permitted by law;

  g. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

  h. Costs of Court; and

  i. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.

Respectfully submitted,



_____
Alfonso Kennard, Jr.
Texas Bar No.: 24036888
Southern District No: 713316
2603 Augusta Drive, Suite 1450
Houston, TX  77057
Telephone No.: (713) 742-0900
Facsimile No.: (713) 742-0951
Alfonso.Kennard@kennardlaw.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

**OF COUNSEL FOR PLAINTIFF:**



Keenya Harrold
Texas Bar No.: 24039664
Southern District Bar No: 897938
2603 August Drive, Suite 1450
Houston, TX  77057
Telephone No.: (713) 742-0900
Facsimile No.: (713) 742-0951
Keenya.Harrold@kennardlaw.com